UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG A. BROWN, | ) |
|     Plaintiff, | )<br>)<br>) |
| v. | ) Civil No. 10-63-P-S |
| CAMDEN, TOWN OF, et al., | )<br>)<br>) |
|     Defendants. | ) |

**RECOMMENDED DECISION**

On February 12, 2010, Craig Brown filed a complaint in this court naming as defendants the Town of Camden, Geoff Rushlau, the District Attorney for Prosecutorial District Six, which includes Knox County and the Town of Camden, and Lindsay Jones, an assistant district attorney who works for Rushlau. Brown paid the filing fee, obtained court summonses, and apparently served the three named defendants. They have all three responded with motions to dismiss, Rushlau and Jones filing a joint motion. (Doc. Nos. 12 & 15.) According to Brown his complaint "involves repeated violations of Plaintiff's Constitutional Rights, related to Land Fraud and Local Corruption over a nine year period in Camden, Maine." (Compl. ¶ 20, Doc. No. 1.) Brown has been involved with an ongoing battle with an adjoining landowner over the common boundary between the two parcels. This boundary dispute has involved numerous attorneys, surveyors, and other citizens in the town. Apparently the matter has now culminated in a criminal prosecution against Brown brought by Rushlau's office. On February 22, 2010, Brown filed a motion for a preliminary injunction asking for an order enjoining Rushlau from proceeding with a prosecution against him for felony criminal mischief. (Doc. No. 7.) Before the briefing cycle had been completed on that motion and the motions to dismiss, Brown filed a second motion for injunction (Doc. No. 16), asking that this court enjoin Judge Westcott of the

Rockland District Court "from imposing sanctions on the Plaintiff for adding Michael Ferrara and Phil Roberts to this lawsuit," "prevent the Knox County Superior Court (Judge Hjelm) from imposing sanctions," and "preventing Michael Ferrara from collecting on any judgments that may result from ROSC-RE-09-10." (2d Mot. Prelim. Inj., at 1.) Brown filed his response to the pending motions to dismiss on March 29, 2010, and I see no reason for any further briefing of any of these motions. I now recommend that the Court grant the defendants' motion to dismiss and dismiss the motions for injunctive relief as moot in light of the dismissal of the underlying action. In the event the complaint is not dismissed in its entirety I would recommend denying the two motions for injunctive relief in any event because the first one is now moot since the criminal trial took place on March 4, 2010, and the second one seeks injunctive relief against individuals who are not parties to this lawsuit.

*Brown's Complaint*

Three counts of Brown's complaint are brought in this court pursuant to 42 U.S.C. § 1983, a statutory mechanism for enforcing federal rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 enables individuals to pursue civil actions to vindicate federal constitutional and federal statutory rights when they have suffered a deprivation at the hands of a state actor. Fitzgerald v. Barnstable Sch. Comm., __ U.S.__, __, 129 S. Ct. 788, 793-94 (2009). In Count I of his complaint Brown claims he was denied equal protection of law under the

Fourteenth Amendment to the United States Constitution and he also appears to suggest he was subject to a violation of his Fourth Amendment rights. (Compl. ¶ 101 c.) Count II appears to allege a Fifth Amendment due process violation, as does Count III. (Id. ¶¶ 128, 138, 139.) Count V is a claim for punitive damages and the remaining counts address state law torts.

Brown is a pro se litigant. His complaint is therefore to be subjected to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, nothing in this recommendation is based upon any technical insufficiency in the pleadings. Brown simply misses the mark by trying to sue these defendants in this court based upon his factual allegations.

*The Prosecutors' Motion to Dismiss*

Brown has brought suit against District Attorney Geoffrey Rushlau and Assistant District Attorney Lindsay Jones in their personal capacities. (Compl. ¶¶ 5-6.) They are accused, along with many others, of "Land fraud and Racketeering." (Id. ¶ 20.) They are alleged to have tried to use the threat of criminal prosecution and wrongful conviction to extort property rights from Brown for the benefit of an adjoining landowner. (Id. ¶ 24.) According to the complaint, Rushlau and Jones brought a state charge of aggravated criminal mischief against Brown arising from the destruction of the adjoining landowner's fence by Brown, without evidence that the fence was not on Brown's property. (Id. ¶ 31.) The fence was erected by the adjoining landowner (id.; see also ¶¶ 78-79); in February and March of 2009, Brown removed 12 panels from it (id. ¶¶ 83-84). He was arrested on April 7, 2009, and at the time of filing of this complaint there was pending against him in Knox County Superior Court, a criminal prosecution, Docket No. CR-09-083. (Id. ¶ 31.) In another action, a civil suit, Docket No. ROC RE 09-010, involving Ferrara and Brown, the court has issued a summary judgment finding that the fence was located on the neighbor's property. (Id. ¶¶ 31-32.) Brown expressed concern that the ADA Jones would use the summary

3

judgment finding against him in the criminal prosecution to prove the crime of criminal mischief. (Id. ¶¶ 34, 50.)

Count 3 of the complaint alleges that the arrest of Brown by Camden police officers was subject to approval by Rushlau and Jones, that Rushlau failed to instruct, supervise, control, and discipline Jones in her duties. (Id. ¶ 131, 135.) Rushlau and Jones are said to have approved the arrest and prosecution of Brown without probable cause or valid evidence that a crime had been committed (i.e. without a *valid* survey showing the fence's location); to have conspired to deny Brown due process, and to have deprived him of Fourth, Fifth, Sixth, and Fourteenth Amendment rights by refusing and neglecting to prevent such deprivations. (Id. ¶ 135.)  Rushlau failed to supervise and negligently let deprivations take place and ratified the conduct of Jones. (Id. ¶¶ 136, 137.) These defendants violated Brown's Fifth Amendment due process rights because they approved the arrest and indictment without questioning him or directing police to find out why Brown believed he could take the fence down.  (Id. ¶¶138, 139.)  They were aware that a certain survey was not a boundary certification survey yet relied on it (id. ¶¶ 142, 144, 145), and they failed to present exculpatory evidence to the grand jury (id . ¶ 148).

Much of  Brown's complaint is devoted to somewhat extraneous matters, including a recitation of the long history of a boundary dispute between him and his neighbor Ferrara, assertion of  his defenses to the criminal charges, an explanation of his personal technical expertise, attacks on the validity of the many land surveys with which he disagrees, and disparagement of the conduct of the local police, these prosecutors and others who do not readily accept his arguments as to the location of the common boundary.

Brown's allegations against the prosecutors are entirely tethered to decisions made in the course of their prosecutorial duties, including their decisions to bring charges, defer or not defer

4

prosecution, present matters to the grand jury, and their strategic decisions about the choice of evidence they intend to rely on at trial.  They have moved to dismiss the complaint, asserting the doctrine of absolute prosecutorial immunity.  (Mot. Dismiss, at 11-14.)  Brown's response to their assertion of immunity is to cite 18 U.S.C. § 1961, the definitional section of the federal criminal statute relating to racketeer influenced and corrupt organizations.  (Resp. Mot. Dismiss at 3.)  While Brown makes grand conclusory allegations about a conspiracy behind the decisions to arrest, he alleges no facts that would remove the allegations from the traditional prosecutorial discretion realm.  To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

      The allegations in Brown's complaint against Jones concern her prosecutorial conduct during and in preparation for the criminal mischief trial. There can be no question that Jones is absolutely immune from civil liability for any part she had in initiating the prosecution of this action against Brown  and for activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  Absolute prosecutorial immunity shields Jones even if she acted wrongfully or maliciously. Id. at 427 & n. 27. See also, e.g., Reid v. New Hampshire, 56 F.3d 332, 336 -38 (1st Cir. 1995).

      With respect to District Attorney Rushlau, there are no nonconclusory factual allegations that he had any direct participation in Brown's criminal proceeding.  However, either directly or as a supervisor, he enjoys the same absolute immunity as Jones.   Neither Rushlau nor Jones are alleged to have been physically present at the arrest of Brown.  Their role appears to have been in obtaining an indictment from the Grand Jury and an arrest warrant from the court, actions that are squarely

5

within the realm of the prosecutor's office.   The remaining counts are state law tort claims and once the federal claims are dismissed this court should decline to exercise supplemental jurisdiction over these counts. See 28 U.S.C. § 1367(c)(3); Carlsbad Technology, Inc. v. HIF Bio, Inc., __ U.S.  __, __, 129 S.Ct. 1862, 1866-67 (2009); Alvarez-Torres v. Ryder Mem. Hosp., Inc., 582 F.3d 47, 53 (1st Cir.2009).

*The Town of Camden's Motion to Dismiss*

Brown has brought suit against the Town of Camden as well, apparently aimed at the conduct of officers of the Camden Police Department.  Brown makes the following allegations concerning the Camden Police Department: (1) its officers have "distorted" police reports filed by Brown and/or failed to file police reports and/or failed to take "follow up action" when he has filed said reports (Compl. ¶105); (2) its officers falsely arrested him for assault and disorderly conduct after an argument between him and his neighbor in December 2002 (id.  ¶¶ 109-112); (3) its officers have harassed Brown by following him around and "by openly using their presence" in order to "compel and goad [Brown] into taking self-help action" (id. ¶¶ 117, 120, 121); and (4) its officers falsely arrested him for criminal mischief without probable cause (id. at ¶¶ 129-149).

Brown further asserts that the Town of Camden is responsible for these alleged grievances because it "knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Camden Police Officers in their duties to refrain from denying the Plaintiff  … privileges or immunities secured by the United States Constitution or by Federal Law."  (Id.  ¶¶ 101; see also id. ¶¶117, 132). In other words, Brown appears to be claiming that the Town failed to train and/or supervise police officers about their responsibility to avoid denial of Brown's constitutional and/or federal rights, and failed to "control" their actions and/or discipline those responsible for those actions.   Other than these

conclusory allegations, Brown does not allege any factual content pertaining to town policies, practices, customs, or usage regarding the police force. Nor does he offer any factual content about what policy making official acted on behalf of the Town of Camden to establish and/or endorse an unidentified policy, practice, or custom that lead to Brown's difficulties with the law enforcement community in the Town of Camden.

"Municipalities cannot be held liable for the constitutional violations of municipal employees pursuant to the doctrine of *respondeat superior*." Welch v. Ciampa, 542 F.3d 927, 941 (1st Cir. 2008) (citing Monell v. Dept. of Soc. Servs., 436 U.S. 658, 691 (1978)); see also Burrell v. Hampshire County, 307 F.3d 1, 2 (1st Cir. 2002) (observing that suit against an official in an official capacity "is tantamount to a suit against the entity of which the official is an agent" and there must be a claim "that the entity followed a policy or custom" that was unconstitutional). Federal claims against a properly named municipal defendant will only be successful if that entity was responsible for an unconstitutional municipal custom or policy that caused the violation alleged. Welch, 542 F.3d at 941. With respect to his failure to train claims against this municipal defendant, Mr. Brown must establish "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 386 (1989). When a plaintiff alleges a constitutional violation resulting from a municipality's "failure to train" certain employees, he or she must show that this failure to train is due to a "deliberate indifference" on the part of the municipality to the constitutional rights of others. Id. at 389.

"It follows that the inadequate training of a police officer cannot be a basis for municipal liability under section 1983 unless a constitutional injury has been inflicted by the officer or officers whose training was allegedly inferior." Calvi v. Knox County, 470 F.3d 422, 429 (1st Cir. 2006) (citing Young v. City of Prov. ex rel. Napolitano, 404 F.3d 4, 25-26 (1st Cir.2005)). There are no allegations in this complaint directed against any particular police officer and no

basis upon which to even find a nonconclusory allegation that a violation of a constitutional right occurred by any individual.  Without an underlying constitutional violation there is no basis for municipal liability against the Town of Camden.

## Conclusion

Based upon the foregoing I recommend that the defendants' motions to dismiss be granted and that Brown's federal claims be dismissed with prejudice.  I further recommend that the court decline to exercise supplemental jurisdiction over Brown's state law claims.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 6, 2010